**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

TOMMY PEREZ, JR.                                                                              PLAINTIFF

v.                                                  3:14CV00203-DPM-JTK

DALE COOK, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge

D. P. Marshall Jr. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing

is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Tommy Perez, Jr., is an inmate confined at the Mississippi County Detention Center (Jail).  He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging harassment and racial and gender discrimination by Defendant Yancey.  (Doc. No. 2).  By Order dated August 26, 2014 (Doc. No. 4), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, and provided Plaintiff with the opportunity to amend his complaint, noting that an Amended Complaint would render the original complaint without legal effect.  (Id., pp. 4-5.)  Plaintiff has now filed an Amended Complaint, and a Statement which this Court construes as a Supplement to the Amended Complaint (Doc. Nos. 5, 8).  Plaintiff also submitted a Motion to Amend to add a new Defendant, Luther Whitfield (Doc. No. 6).

Having reviewed Plaintiff's submissions, the Court finds Defendants Cook, Hicks, and Mississippi County should be dismissed for failure to state a claim upon which relief may be granted.  In addition, the Court finds that Plaintiff's Motion to Amend to add Defendant Whitfield should be denied, and Plaintiff's allegations of gender discrimination and harassment against

Defendant Yancey should be dismissed.

## II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

## III.    Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).    Plaintiff does not include any allegations of unconstitutional conduct by Defendants Cook, Hicks, and Mississippi County in his either his Original or Amended Complaints (Doc. Nos. 2, 5).  In addition, his allegations against proposed Defendant Whitfield are based on his failure to adequately process Plaintiff's grievances, which does not support a Constitutional claim for relief.  Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009).

Finally, allegations of harassment do not state a Constitutional claim for relief.  King v. Olmsted County, 117 F.3d 1065 (8th Cir. 1997).  And, Plaintiff does not include any allegations of gender discrimination in his Amended Complaint.   Therefore, the harassment and gender discrimination allegations against Defendant Yancey also should be dismissed, for failure to state a claim upon which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE,  RECOMMENDED that:

1.      Defendants Cook, Hicks, and Mississippi County be DISMISSED from this action, for failure to state a claim upon which relief may be granted.

2.      Plaintiff's Motion to Amend (Doc. No. 6) be DENIED.

3.      Plaintiff's allegations of harassment and gender discrimination against remaining Defendant Yancey be DISMISSED for failure to state a claim upon which relief may be granted.

IT IS SO RECOMMENDED this 8th day of September, 2014.

_____

    JEROME T. KEARNEY
    UNITED STATES MAGISTRATE JUDGE